UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE CAMERA, | ) | CASE NO.:  1:26-CV-00797 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant United States of America's Motion to Dismiss.  (Doc. 4.)

The motion is unopposed.  For the reasons stated herein, the Motion to Dismiss is GRANTED.

## I.      BACKGROUND

On February 27, 2026, *pro se* plaintiff Mike Camera ("Plaintiff") filed a Small Claims

Complaint ("Complaint") in the Avon Lake Municipal Court against Defendant Marquitta

Hayward ("Hayward").  (Doc. 1-2, Complaint, at 7.)[1]  Hayward is a United States Postal Service

("USPS") employee.  (*Id.*)  Plaintiff sought compensation for lawn damage allegedly caused by a

USPS driver.  (*Id.*; Doc. 4-1 at 19.)  He alleged Hayward, in her capacity as a supervisor, allowed

a USPS driver to drive over his lawn on at least eight occasions.  (Doc. 1-2 at 7.)  Plaintiff

claimed $840.00 in damages.  (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

On March 23, 2026, the United States Attorney for the Northern District of Ohio certified Hayward was a federal employee acting within the scope of her federal employment at the time of the incidents described in Plaintiff's Complaint.  (Doc. 1-3 at 10.)  On April 3, 2026, the government removed the action to this Court.  (Doc. 1.)  On April 6, 2026, the government substituted itself as Defendant in place of Hayward.  (Doc. 3.)

On April 8, 2026, the government moved to dismiss Plaintiff's claims without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (Doc. 4; Doc. 4-1 at 18-19.)  The motion is supported by the Declaration of Kimberly A. Herbst ("Herbst"), Tort Program and Adjudication Manager with the USPS National Tort Center.  (Doc. 4-2.)  Plaintiff did not respond.

## II.    LAW AND ANALYSIS

### A.  Standard of Review

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).  However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim*, 92 F.3d at 416 (citation omitted).  Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

 A Rule 12(b)(6) motion tests whether the complaint meets this standard.  To survive a Rule 12(b)(6) motion for failure to state a claim, the complaint must make out a plausible legal

claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When courts evaluate whether a complaint states a plausible claim, they must accept all factual allegations as true.  *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).  Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff.  *Id.*  Courts do not accept legal conclusions or other conclusory allegations as true, *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)), and courts need not make unwarranted factual inferences.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (citation omitted).

A plaintiff generally waives a claim where he fails to respond to a defendant's motion to dismiss that claim.  *See Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where . . . [a] plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived"); *see also Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (unpublished table decision)  ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").  This includes cases where the plaintiff is *pro se*.  *See Weatherby v. Fed. Express*, 454 F. App'x 480, 490 (6th Cir. 2012) ("[t]hough this

court provides some leeway to *pro se* litigants, Plaintiff must still make some effort at argumentation or presentation of facts" and absent such effort, Plaintiff's claims are waived); *see also Bryant v. McDonough*, No. 20-cv-726, 2021 U.S. Dist. LEXIS 221273, 2021 WL 5359182, at *9 (N.D. Ohio Nov. 17, 2021) (dismissing *pro se* plaintiff's claim on motion to dismiss where she failed to address the defendant's arguments in opposition), *aff'd*, 72 F.4th 149 (6th Cir. 2023), *abrogated on other grounds by Kellar v. Yunion, Inc.*, 157 F.4th 855 (6th Cir. 2025).

### B.  Analysis

The United States, as sovereign, is generally immune from suit absent its consent.  *See United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976) (citation omitted); *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999).  Congress waived the federal government's sovereign immunity under very limited circumstances for claims against it arising from torts committed by federal employees while acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *see also United States v. Orleans*, 425 U.S. 807, 813-14, 96 S. Ct. 1971, 41 L. Ed. 2d 390 (1976).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the USPS's sovereign immunity from tort claims arising out of USPS activities.  *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 484-85, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006).  Under the FTCA, a plaintiff "shall not" bring tort claims against the federal government or one of its employees until the party has exhausted administrative remedies.  28 U.S.C. § 2675(a).  The FTCA's exhaustion requirement is mandatory and cannot be waived.  *See Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023), *cert. denied,* 144 S. Ct. 2662, 219 L. Ed. 2d 1286 (2024) (citing *Copen v. United States*, 3 F.4th 875, 880-81 (6th Cir. 2021) and 28 U.S.C. § 2675(a)).  To exhaust administrative remedies, a plaintiff must first file a claim with the USPS directly.  *See*

*Copen*, 3 F.4th at 879-80 (quoting 28 U.S.C. § 2675(a)). He can only sue the USPS after receiving a final denial from the USPS or if the USPS fails to make a final disposition within six months of the claim filing. *See id.*

The government asserts Plaintiff failed to exhaust his administrative remedies with the USPS before filing suit. (Doc. 4-1 at 21-23; Doc. 4-2 at ¶¶ 3-6). He was required to do so under 28 U.S.C § 2675(a). (Doc. 4-1 at 21-23.) Because Plaintiff's suit is premature, it should be dismissed without prejudice under Rule 12(b)(6), the government urges.[2] (*Id.* at 18-19, 22-23.)

Plaintiff did not respond to the government's Motion to Dismiss. Accordingly, he has waived his claim. *See Humphrey*, 279 F. App'x at 331; *Scott*, 878 F.2d 382; *Weatherby*, 454 F. App'x at 490. Notwithstanding his lack of response, his claim still fails.

Here, the government demonstrated Plaintiff did not exhaust his administrative remedies. (*See* Doc. 4-2.) Herbst declared under penalty of perjury she searched multiple USPS databases and found no record of Plaintiff filing a claim with USPS. (Doc. 4-2 at ¶¶ 1-7.) Plaintiff did not first file an administrative claim with USPS before filing this suit. And he did not allege in his Complaint he exhausted his administrative remedies. (*See* Doc. 1-2 at 7.) Plaintiff did not comply with the FTCA's mandatory exhaustion requirement. *See* 28 U.S.C § 2675(a); *Kellom*, 86 F.4th at 293. He failed to state a claim under Rule 12(b)(6).

---

[2] The government alternatively moved to dismiss under Rule 12(b)(1), noting another line of cases finding failure to exhaust administrative remedies was a jurisdictional bar to suit. (Doc. 4-1 at 23 n.3.) The Sixth Circuit recently held failure to exhaust under 28 U.S.C. § 2675(a) does not deprive a federal court of jurisdiction. *See Kellom*, 86 F.4th at 293. Accordingly, "[a] failure to exhaust administrative remedies before filing a complaint under the FTCA renders the claim subject to dismissal without prejudice under Rule 12(b)(6)." *Al Zubair v. Davison*, No. 25-cv-1495, 2026 U.S. Dist. LEXIS 48687, 2026 WL 672824, at *6 (N.D. Ohio March 10, 2026) (citations and quotations omitted); *see also Bryant v. Collins*, No. 25-CV-166, 2025 U.S. Dist. LEXIS 198080, 2025 WL 2840755, at *2 n.2, *8 (N.D. Ohio Oct. 7, 2025) (dismissing claims under Rule 12(b)(6) for failing to exhaust administrative remedies).

## III.    CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. 4) is GRANTED and this case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Date: June 30, 2026

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE